Edward W. Swanson, SBN 159859
August Gugelmann, SBN 240544
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorneys for Defendant HELENA WEIL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        vs.<br><br>HELENA WEIL,<br><br>                              Defendant. | Case No. CR 14-0289 CRB<br><br>**DEFENDANT HELENA WEIL'S SUPPLEMENTAL SENTENCING MEMORANDUM**<br><br>Date:   April 22, 2015<br>Time:  10:00 a.m.<br>Court: Hon. Charles R. Breyer |

Having reviewed the supplemental material submitted by the government, defendant Helena Weil respectfully submits that in light of Dr. Weil's medical condition, a non-custodial sentence is appropriate in this matter.

At the time of the first sentencing hearing, the Court's view was that Dr. Weil "could do some custodial sentence . . . not more than six months." RT 18. The Court was thus inclined to impose a one-year split sentence, with six months in custody and six months in home confinement. *Id.* at 22-23. However, the material supplied by Dr. Weil in her sentencing memorandum caused the Court concern about the effect of a custodial sentence on Dr. Weil's health. The Court thus suggested that the government appoint its own expert to assess "whether

or not confinement in a federal penal institution similar to the one that exists in [Dublin] for women . . . would be injurious to her health. And if so, how injurious." RT 28.

The government has now submitted an expert report that demonstrates the Court's concerns were well-founded. Dr. Anna Glezer's professional opinion is that a custodial sentence – accompanied as it must be by the termination of most, if not all, of Dr. Weil's current treatment regimen – "would be deleterious to Dr. Weil's health" and would "likely worsen" Dr. Weil's "mental and medical condition." Glezer Report, 10.

The government expert's opinion matches that offered by the defense expert, Dr. Robert Kaufman, whose report was submitted in connection with the prior sentencing proceedings. Dr. Kaufman expressed "considerable concern [at] what might happen to Dr. Weil if she is incarcerated." Exhibit B to Def. Sentencing Memo., at 8. Noting that Dr. Weil "has multiple medical conditions and sensitivities and her day-to-day functioning is reliant on her very regular access to multiple treating professionals," Dr. Kaufman concluded, "with a high degree of confidence, that if incarcerated, Dr. Weil's already fragile functioning will deteriorate further both medically and psychiatrically." *Id.*

Thus, the defense and government experts agree that Dr. Weil's physical and mental health would be jeopardized by incarceration. However, the government also solicited a letter from the Bureau of Prisons that describes medical and mental health treatment options available to inmates. Although that letter describes in detail the BOP's programs for addressing a variety of physical and mental health issues, it does not address the specific health problems Dr. Weil faces. Dr. Glezer may be unable to explain exactly why Dr. Weil's current treatment regimen works, but she does not dispute that it does. Glezer Report, 9-10. And as the BOP letter makes clear, the treatment that all parties agree Dr. Weil needs is something BOP cannot provide. *See*

2

Leukefeld Letter, at 1-2.

The government's submission suggests that, notwithstanding the findings of the experts, a custodial sentence is necessary to achieve general deterrence.  Counsel for Dr. Weil disagrees. Dr. Weil faces the life-long stigma of a felony conviction, the potential loss of her license, and nearly $500,000 in restitution in addition to attorneys' fees incurred.  These consequences, coupled with a term of home confinement, are more than enough to deter others who might be tempted to submit bills that do not accurately reflect their work.  Moreover, the need to afford general deterrence is only one of the factors the Court must take into account.  Section 3553(a)(2)(D) also requires the Court to fashion a sentence that takes into account the defendant's need for medical care.  Given the unanimity of opinion from experts who have actually examined Dr. Weil that incarceration will be deleterious to Dr. Weil's health and likely worsen her mental and medical condition, counsel for Dr. Weil submits that a non-custodial sentence is appropriate.

Dated:  April 17, 2015

Respectfully submitted,

_____
          /s/
Edward W. Swanson
August Gugelmann
SWANSON & McNAMARA LLP
Attorneys for HELENA WEIL

3